

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 4, 1957

Senator W. S. Fly
Chairman of the Committee
   on Finance
Senate of the State of Texas
Capitol Station
Austin, Texas

Opinion No. WW-40

Re: Scope of authority of the
State Building Commission
under Acts 1955, 54th Leg.,
p. 1298, ch. 514, Article
678m, V.A.C.S., and the
effect of such Act as to
the repealing of Article
861a, P.C.

Dear Sir:

We have received your request for our opinion
dated February 12, 1957, which propounds the following
questions:

"1. Was the Building Commission, cre-
ated under Article 678m Vernons Annotated
Civil Statutes, authorized to begin con-
struction of the State Courts Building with-
out having undertaken and completed the air-
conditioning of the halls, offices and com-
mittee rooms of the House of Representatives
and the Senate?

"2. Was the Building Commission au-
thorized to enter into a contract for the
construction of the State Courts Building
and pledge funds required to be expended
for such air-conditioning project aforesaid?

"3. Is the Building Commission au-
thorized to enter into a contract pledging
moneys beyond a period of two years?

"4. Did the Building Commission Act, namely, Article 678m repeal the Penal Act, towit: Article 861a of the Penal Code, insofar as its depredation of the Capitol grounds?"

1. Article III, Sec. 51b, Subdivision (c) of the Constitution prescribes the powers and duties of the Commission as follows:

"Under such terms and conditions as are now or may be hereafter provided by law, the Commission may acquire necessary real and personal property, salvage and dispose of property unsuitable for State purposes, modernize, remodel, building and equip buildings for State purposes, and negotiate and make contracts necessary to carry out and effectuate the purposes herein mentioned."

It will be noted that the Commission is empowered to:

1. Acquire necessary real and personal property.

2. Salvage and dispose of property unsuitable for State purposes.

3. Modernize.

4. Remodel.

5. Build and equip buildings for State purposes.

Each of the five acts enumerated are within themselves separate and distinct functions of the Commission.

Article 678m, Sec.9a, V.A.C.S., authorized the Commission to engage in two acts by stating: "The first major modernizing and remodeling program to be

undertaken under the provisions of this Act shall be the air conditioning of the halls, offices and committee rooms of the House of Representatives and Senate in the Capitol Building;"

The restrictive language used in Sec. 9a applies to "modernining and remodeling" programs only and does not restrict the Commission from undertaking non-major modernization and remodeling projects, nor does it affect or restrict the Commission from pursuing any of the other three functions enumerated by Article III, Sec. 51b, subdivision (c) of the Constitution. The last sentence of Article 678m, Sec. 9a, does not serve to broaden the scope of the language used in the first sentence of said Sec. 9a, but merely indicates that this modernization and remodeling to be first undertaken should be completed with all dispatch.

It follows then that the Building Commission was authorized to begin the State Courts Building prior to the undertaking and completion of the air conditioning of the halls, offices and committee rooms of the House of Representatives and the Senate in the Capitol Building.

2. Article III, Sec. 51b, Subdivision (b) of the Constitution provides, "The State Building Fund shall be expended by the Commission upon appropriation by the Legislature for the uses and purposes set forth in subdivision (c) hereof."

This constitutional provision makes it clear that the Commission may not expend any of the State Building Fund without a legislative appropriation. This appropriation must be specific in nature, in view of Article VIII, Sec. 6 of the Constitution. Examination of the appropriations made in Art. 678m, V.A.C.S., Secs. 9a and 18, shows that these appropriations are specific in nature, and leave the Commission without authority to divert to the State Courts Building by pledge, or obligate in any other manner, any of the funds appropriated for the specific purpose of air conditioning "the halls, offices and committee rooms of the House of Representatives and Senate in the Capitol Building."

3. Following the authority as set out by the Constitution, Article 678m, Section 5, V.A.C.S., provides:

"The Commission is authorized
to take any action and enter into any
contracts necessary to provide for the
obtaining of sites and the planning, de-
signing, and construction of buildings and
memorials provided for by Section 51b,
Article III of the Constitution. . . ."

Thus having been authorized to make contracts,
both by the Constitution and by Statutes, any contracts
made by the Commission, within the limits of the legis-
lative appropriations, are effective to bind the State.

The restrictive nature of Article VIII, Sec-
tion 6 of the Constitution, which limits the legislative
appropriations to not more than two years and provides
that State money must be drawn from the Treasury by pur-
suance of specific appropriations made by law, has been
interpreted as being a restriction on one Legislature
making appropriations out of funds which will come into
the Treasury during the sessions of subsequent Legisla-
tures, and thus obliging every new Legislature to de-
termine the object for which State money is spent. Thus,
an appropriation made by the Legislature can remain subject
to use, by virtue of the foregoing Article, for only two
years from the date such appropriation becomes law. This
does not mean, however, that an obligation contracted
during the period of the appropriation may not be paid
by the Treasury after the expiration of such period. If,
in fact, a claim is based upon obligations incurred
or contracted during the period of the appropriation,
such claim may legally be paid, subject only to Art.4357,
V.A.C.S.

Art. 4357, V.A.C.S., provides in part: "No
claim shall be paid from appropriations unless presented
to the Comptroller for payment within two (2) years from
the close of the fiscal year for which such appropriations
were made, but any claim not presented for payment within
such period may be presented to the Legislature as other
claims for which no appropriations are available."

As this article has been previously con-
strued in Attorney General's Opinions Nos. V-1416 and
V-1535a, the Comptroller may pay all claims arising out
of a valid contract entered into during the fiscal year
during which such appropriation was made, at any time

within two (2) years from the end of said fiscal year. This article, thus construed, is not inconsistent with Article VIII, Sec. 6 of the Constitution, since it, in effect, provides that a contract which legally binds the State is an encumbrance and is effective to withdraw the funds from the unexpended funds of the Treasury and any valid claim presented within the two year limitation of Article 4357 can "be drawn from the treasury in pursuance of specific appropriation made by law."

So long then as the Commission makes a contract within the biennium of the appropriation made by the Legislature, it can effectively obligate the State to pay the funds thus appropriated, upon valid claims arising by virtue of such contract, so long as they are presented for payment before the expiration of two years from the end of the period within which the appropriation is made.

4. Article 861a, P.C., Sec. 1, provides:

"It shall be unlawful for any officer of this State, or any employee thereof, or any other person to construct, build, or maintain within the Campus enclosure around the Capitol in Austin any building, memorial, monument, statue or concession or other structure, without the authority of the Legislature theretofore given by statute or concurrent resolution for that purpose."

This article was not repealed by Art. 678m, V.A.C.S. However, it is noted that Sec. 12 of Art.678m, V.A.C.S., states, "the State Building Commission is hereby directed to make a careful survey of the most suitable site in the vicinity of the State Capitol for the erection of the said Supreme Court Building. In keeping with the foregoing considerations, the Commission is hereby specifically authorized, if the State does not already own a suitable site, to acquire such a site." In our opinion, this is sufficient to give the Commission "the authority of the Legislature" mentioned in Art. 861a, and exempt the Commission from the penalties provided for in Sec. 2, Art. 861a, P.C.

## SUMMARY

1.  The Building Commission was authorized to begin the State Courts Building prior to the undertaking and completion of the air conditioning of the halls, offices, and committee rooms of the House of Representatives and the Senate in the Capitol Building.

2.  The Commission is without authority to divert to the State Courts Building by pledge, or obligate in any other manner any of the funds appropriated for the specific purpose of air conditioning the halls, offices and committee rooms of the House of Representatives and Senate in the Capitol Building.

3.  A contract made by the State Building Commission within the biennium of the appropriation made by the Legislature is effective to obligate the payment of funds thus appropriated, upon valid claims arising by virtue of such contract, so long as they are presented for payment before the expiration of two years from the end of the period within which such appropriation is made.

4.  Article 678m, V.A.C.S., did not repeal Article 861a, P.C., however, it was sufficient to give the State Building Commission the authority of the Legislature to use any suitable part of the Capitol Grounds for the purposes therein stated.

Very truly yours,

WILL WILSON
Attorney General

By *Robert O. Smith*
Robert O. Smith
Assistant

ROS:bt

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
Chairman